IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35382-6-III |
| | ) | (consolidated w/ |
| Respondent, | ) | No. 35383-4-III) |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CECILIA RAMOS, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Cecilia Ramos appeals the trial court's orders revoking her residential drug offender sentencing alternative (DOSA) and imposing sanctions. We affirm.

BACKGROUND

Cecilia Ramos pleaded guilty to four counts of second degree possession of stolen property, one count of possession of stolen mail, one count of possession of a controlled substance, and one count of second degree identity theft. The trial court agreed to provide Ms. Ramos a residential DOSA, and shortly thereafter Ms. Ramos began 90 days of intensive inpatient treatment.

Ms. Ramos successfully completed inpatient treatment. However, within two months of discharge, she accumulated multiple DOSA violations. The violations included failure to follow verbal directives and to participate in outpatient treatment.

The court held a hearing at which Ms. Ramos admitted to the violations. The court then imposed a sanction of 30 days' confinement.

One week after the DOSA sanction hearing, Ms. Ramos reported to her community corrections officer (CCO). The CCO requested a urine sample for testing, but Ms. Ramos failed to provide a sample. The Department of Corrections filed another notice of violation, and the trial court held a hearing regarding the State's petition to revoke Ms. Ramos's DOSA. The court concluded that Ms. Ramos violated the terms of her DOSA, revoked it, and sanctioned Ms. Ramos by sentencing her to 38 months' incarceration.

Ms. Ramos appeals.

ANALYSIS

Ms. Ramos argues the trial court abused its discretion in revoking her DOSA sentences because she was merely unable to provide a urine sample within the one-hour time frame and this was only her second violation.

Decisions on revocation of a suspended sentence are within the trial court's discretion and will not be disturbed absent an abuse of discretion. *State v. McCormick*, 166 Wn.2d 689, 705-06, 213 P.3d 32 (2009). Discretion is abused when the trial court's decision is manifestly unreasonable or exercised on untenable grounds. *Id.* at 706.

2

Here, Ms. Ramos had accumulated eight DOSA violations prior to revocation. With respect to the final violation, Ms. Ramos was provided liquids and time to provide a urine sample. Yet she failed to comply. She also expressed reluctance about participating in outpatient treatment. While the trial court could have provided Ms. Ramos an additional opportunity to complete the terms of her DOSA, it was not required to do so. The trial court acted well within its discretion when it revoked Ms. Ramos's DOSA based on her continued inability to comply with her DOSA obligations.

## CONCLUSION

The trial court's orders revoking Ms. Ramos's DOSA and imposing sanctions are affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, A.C.J.
Pennell, A.C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.

3